## GLOBE LIFE INSURANCE CO. et al. v. SEMANS et al.

No. 25523.    Oct. 27, 1936.

Rehearing Denied Nov. 24, 1936.

Application for Leave to File Second Petition for Rehearing Denied Dec. 15, 1936.

Stuart, Bell & Ledbetter and Morris & Wilhite, for plaintiffs in error.

Hugh E. Tyson, for defendant in error Al G. Patterson.

John A. Brett, for defendant in error Ed M. Semans.

OSBORN, J.    This action was instituted in the district court of Oklahoma county by the Globe Life Insurance Company, J. M. Alford, C. T. Walker, John D. Pugh, S. L. Wilhite, and H. C. Grimmett, as stockholders and directors of said Globe Life Insurance Company, hereinafter referred to as plaintiffs, against Ed M. Semans, F. C. Patterson, Al G. Patterson, J. R. Henson, G. W. Cooley, and G. A. Stark, former officers and directors of the Globe Life Insurance Company, the Tradesmens National Bank of Oklahoma City, and the First State Bank of Anadarko,

hereinafter referred to as defendants. The controversy arose out of the attempted organization and promotion in the state of Oklahoma of a life insurance company to be known as the Globe Life Insurance Company. In this action it was sought by plaintiffs to divest defendants of control over the affairs of the company; to enjoin the payment of any funds out of the defendant banks which funds were on deposit to the credit of the company, and to secure a personal judgment against the defendants on account of certain alleged mismanagement of the affairs of the company. At the conclusion of the trial of the cause it was determined that plaintiffs were the duly elected officers and directors of the company and were entitled to the management and control of the same. Defendants were permanently enjoined from exercising further control over the affairs of the company, and the defendant banks were enjoined from paying out any funds except upon checks signed by plaintiff Alford, as president, and plaintiff Walker, as secretary and treasurer of the company. The prayer of the petition for personal judgment against defendants was denied, and plaintiffs appeal. No cross-appeal was filed by defendants. The only question before this court is whether or not the trial court erred in refusing to render a personal judgment against defendants and in favor of plaintiffs.

On appeal it is urged that the judgment of the trial court in denying plaintiffs a personal judgment against defendants is contrary to the evidence.

In the early part of the year 1930 the defendants F. C. Patterson and Ed M. Semans undertook the organization and promotion of the Globe Life Insurance Company with offices in Oklahoma City. They adopted for their own use the trade name of "Globe Finance Company." Agents were employed by the Globe Finance Company to solicit subscriptions for stock in the life insurance company. Under the general arrangement the subscribers appointed the Globe Finance Company as agent to purchase the stock when the life insurance company became incorporated and organized under the laws of the state of Oklahoma. By the end of the year 1930, subscriptions totaling approximately $60,000 had been obtained in the name of the Globe Finance Company, none of which were paid in full. A charter for the company was granted on January 2, 1931. The authorized capital stock was $1,000,000 divided into 100,000 shares of the par value of $10 each. The articles of incorporation

recited that the defendants, Ed M. Semans, Al G. Patterson, J. R. Henson, G. W. Cooley, and G. A. Stark, should act as directors of the company until their successors were chosen and qualified. Ed M. Semans was named president, and Al G. Patterson, secretary. Thereafter a stockholders' meeting was held, at which the selection of said parties as officers and directors was ratified. The defendants Semans and F. C. Patterson proposed to buy 7,500 shares of the capital stock at par, which offer was accepted. Thereafter and on January 8, 1931, the defendant F. C. Patterson submitted to the company in writing a proposal to underwrite the sale of the entire unsold portion of the capital stock of the company, said stock to be sold so as to net the company the following prices:

| | | | | | |
|---|---|---|---|---|---|
| 12,500 shares at $15.00 per share | _____ | 187,500.00 |
| 50,000 shares at $18.75 per share | _____ | 837,500.00 |
| 30,000 shares at $20.00 per share | _____ | 600,000.00 |
| Total | | $1,625,000.00 |

Patterson's offer was duly accepted by the company, and thereafter he entered into a stock selling campaign and took subscriptions for 4,411 shares at $20 per share, which amounted to the total sum of $88,220; $30,824.17 was paid on the subscriptions and $57,395 was unpaid.

It developed that F. C. Patterson would be unable to carry out the terms of the contract above referred to. On May 5, 1931, he made a proposal to the company to relinquish his contract. In said proposal he filed a report showing the number of shares subscribed for, the amount paid thereon and the amount unpaid. In said proposal it was pointed out that under the terms of the contract Patterson was entitled to purchase the first 12,500 shares at $15 per share. It was proposed to deliver to the company the subscriptions for 4,411 shares with the understanding that when the balances due on the subscriptions were paid the company should issue stock to the subscribers. Patterson claimed credit with the company of $8,944.17, which, together with the unpaid balances due on the stock subscriptions, was more than sufficient to purchase 4,411 shares at $15 per share in compliance with the contract.

On May 7, 1931, the board of directors met, duly considered the proposal of Patterson to relinquish his contract, and by resolution accepted said proposal of relinquishment and released him from further obligation or liability to the company.

On August 10, 1931, a stockholders' meet-

ing was called by plaintiffs and other stockholders in which the offices of president, secretary, and board of directors of the corporation were declared vacant, J. M. Alford was elected president, and C. T. Walker, secretary and treasurer, and the other plaintiffs as members of the board of directors, thereby supplanting defendants as officers and directors of the company. On August 12, 1931, the petition in this case was filed, and on February 12, 1932, there was filed the amended petition. It was alleged that the defendants Semans and Patterson, as the Globe Finance Company, received the sum of $34,734.37 in money belonging to the corporation; that after allowing due credit for the funds accounted for, they were indebted to the plaintiffs in at least the sum of $25,000. It was further alleged that the defendants Al G. Patterson, J. R. Henson, G. W. Cooley, and G. A. Stark were liable to the company in the sum of $19,065.73, being a part of said sum of $25,000 above mentioned, said liability arising by their approval and ratification of the proposal of F. C. Patterson dated May 5, 1931. Plaintiffs alleged that the said F. C. Patterson was not entitled to a commission upon the sales of stock made by him in excess of 15 per cent., whereas he actually received $19,065.73 in excess of the amount to which he was entitled.

It is not contended by plaintiffs that the original contract or the acceptance of a release thereof was founded in fraud. It is not shown that the acceptance of Patterson's offer to sell stock and his subsequent release from the terms of the contract and the settlement thereunder were made in contravention of any law. From a careful analysis of plaintiffs' pleadings it appears that a recovery is sought against F. C. Patterson and Ed M. Semans solely on the theory that they were "justly indebted to this plaintiff * * * in at least the sum of $25,000." As to the other defendants, constituting the former board of directors of the company, it was alleged that:

"* * * By and on account of the acts of defendants, Al G. Patterson, J. R. Henson, G. W. Cooley and G. A. Starkey (sic) in voting to approve said proposals of the said F. C. Patterson, the plaintiff has been damaged in the sum of $19,065.73, for which said Al G. Patterson, J. R. Henson, G. W. Cooley and G. A. Starkey (sic) are liable to this plaintiff, said sum of $19,065.73 being part of said sum of $25,000 mentioned in paragraph 7 of this amended petition."

The trial court, after making certain findings relating to violation of the "Blue Sky Laws," which are not involved under the issues made by the pleadings in this case, found:

"The corporation has lost nothing to which it was entitled by the acts of the promoters and is not entitled to recover any damages in this action."

Under the terms of the contract entered into with F. C. Patterson, or the Globe Finance Company, the said Patterson was authorized to take subscriptions for stock at the rate of $20 per share. He was likewise authorized to account to the company for 12,500 shares at $15 per share. Neither in the sale of this stock nor in rendering an account to the company did he violate the terms of the contract. The company was not obligated to issue shares of stock under any of the subscriptions taken by Patterson until the full value of said stock at the rate of $15 per share had been paid to the company. We are not here concerned with the individual claims of the various subscribers for stock who had made partial payments thereon. It is conclusive that no funds retained by Semans and Patterson by the authority of the board of directors were moneys belonging to the company. Plaintiffs have wholly failed to substantiate the allegations of damage. The finding of the trial court is amply sustained by the evidence.

The judgment is affirmed.

McNEILL, C. J., and BUSBY, WELCH, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, and PHELPS, JJ., absent.